IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLIVE N. MELHADO,**

    Petitioner,

    v.

**LYNEAL WAINWRIGHT, WARDEN,**

    Respondent.

Case No. 2:18-cv-00675
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## ORDER and
## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed an application to proceed *in forma pauperis*. Upon consideration, the Undersigned finds the application to be meritorious and it is **GRANTED**. Petitioner shall be **PERMITTED** to prosecute this action without prepayment of fees or costs and judicial officers who render services in this action will do so as if costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." For the reasons that follow, these are the circumstances here.

I.      FACTS AND PROCEDURAL HISTORY

Petitioner has filed what is entitled as a Motion to Vacate Void Judgment Pursuant to Civil Rule 60(b), challenging his March 2002 convictions after a jury trial in the Franklin County Court of Common Pleas on charges of murder, aggravated murder, and aggravated robbery. (Doc. 1-1, PAGEID # 15, 28). The trial court imposed a term of life imprisonment without the possibility of parole. (PAGEID # 29). Petitioner asserts that the trial court lacked subject matter jurisdiction because the criminal complaint filed against him was dismissed upon the filing of an Indictment by the grand jury. (See PageID # 18-19). Petitioner argues that his convictions therefore constitute a miscarriage of justice, and that the judgment against him is fraudulent and void. He complains that, although he raised this same argument in a prior federal habeas corpus petition under 28 U.S.C. § 2254, the Court did not address the issue, and instead transferred that action to the United States Court of Appeals for the Sixth Circuit as a successive petition. *Melhado v. Warden, Marion Corr. Inst.*, Case No. 2:17-cv-00725 (PAGEID # 34). On April 18, 2018, the Sixth Circuit denied Petitioner's request for authorization for the filing of a second or successive § 2254 petition. (Doc. 1-2, PAGEID # 37). Petitioner thus now has filed this action, purportedly under Rule 60(b)(3), (4), of the Federal Rules of Civil Procedure, again arguing that his state convictions are void and based on fraud.[1]

---

[1] Rule 60(b) provides in relevant part:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void[.]

## II. Discussion

Rule 60(b) cannot help Petitioner here. That rule "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (footnote omitted). It does not, however, provide a means for a state prisoner to challenge the constitutionality of a state court conviction in federal court. Such an action is properly brought under the provision of 28 U.S.C. § 2254, which provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Moreover, a Rule 60(b) motion cannot be used as a vehicle to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive habeas corpus petition. *See Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 531–32). As previously discussed, this Court lacks jurisdiction to entertain a successive petition for a writ of habeas corpus absent authorization for the filing of such an action from the Court of Appeals. 28 U.S.C. § 2244(b). Without such approval, this Court must transfer a successive habeas corpus petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

> "[F]or the purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez*, 545 U.S. at 530, 125 S.Ct. 2641. A § 2244(b) claim is "an asserted federal basis for relief from a state court's judgment of conviction." *Id*. A movant is not making a habeas claim when he seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits. Id. at 532 n. 4, 125 S.Ct. 2641. But he is making a habeas claim when he seeks to add a new ground for relief or seeks to present "new evidence in support of a claim already litigated." *Id.* at 531–32, 125 S.Ct. 2641.

*Moreland*, 813 F.3d at 32–23.

Here, Petitioner makes the same arguments he did in his prior § 2254 petition. Further, he has filed three prior § 2254 actions challenging these same convictions. *Melhado v. Warden, Warren Corr. Inst.*, Case No. 2:04-cv-1146; *Melhado v. Warden, Marion Corr. Inst.*, Case No. 2:14-cv-402; and *Melhado v. Warden, Marion Corr. Inst.*, Case No. 2:17-cv-725. Thus, this action constitutes a successive Petition.

### III. Recommended Disposition

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: July 23, 2018

s/ Kimberly A. Jolson
Kimberly A. Jolson
United States Magistrate Judge