**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CLIVE N. MELHADO,**

      **Petitioner,**

      v.

**LYNEAL WAINWRIGHT, WARDEN,**

      **Respondent.**

Case No. 2:18-CV-00675
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On July 23, 2018, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive habeas corpus petition. (Doc. 4). Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation and a Motion for Summary Judgment. (Docs. 5, 6). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (Doc. 6) is **OVERRULED**. The Motion for Summary Judgment (Doc. 5) is **DENIED**. The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the Sixth Circuit as a successive petition.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his March 2002 convictions in the Franklin County Court of Common Pleas on murder, aggravated murder, and aggravated robbery. He asserts that the trial court lacked subject matter jurisdiction because the criminal complaint filed against him was dismissed upon the filing of an Indictment by the grand jury. Petitioner argues that this action

does not constitute a successive § 2254 action, because he challenges the Warden's authority to detain him, on the basis that his convictions are a nullity and the result of fraud, in violation of the Fourteenth Amendment. Petitioner has filed a Motion for Summary Judgment on this same basis. He argues that the judgment against him is void, because the trial court lacked subject matter jurisdiction, and the judgment entry being used by the warden to detain him is based on fraud and carries no legal authority.

However, these claims are properly brought under the provision of 28 U.S.C. § 2254, which provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Further, as discussed by the Magistrate Judge, Petitioner has filed at least three prior § 2254 actions challenging these same convictions. *Melhado v. Warden*, *Warren Corr. Inst.*, Case No. 2:04-cv-1146; *Melhado v. Warden, Marion Corr. Inst.*, Case No. 2:14-cv-402; and *Melhado v. Warden, Marion Corr. Inst.*, Case No. 2:17-cv-725. Therefore, this action plainly constitutes a successive petition, and this Court lacks jurisdiction to consider Petitioner's claims absent authorization from the United States Court of Appeals for the Sixth Circuit. *See In re Owens*, 525 Fed.Appx. 287, 291 (6th Cir. 2013) (citing 28 U.S.C. 2244(b)(3)(A)).

Petitioner's Objection (Doc. 6) is **OVERRULED**. The Motion for Summary Judgment (Doc. 5) is **DENIED**. The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the Sixth Circuit as a successive petition.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In

contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––. ––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the denial of Petitioner's Motion for Summary Judgment, and transfer of this action to the Court of Appeals for the Sixth Circuit as a successive petition. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

**IT IS SO ORDERED**.

Date: August 10, 2018          　_s/James L. Graham_____
　　　　　　　　　　　　　　　　JAMES L. GRAHAM
　　　　　　　　　　　　　　　　United States District Judge